NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30132 |
| Plaintiff-Appellee, | D.C. No. 4:19-cr-00069-BMM-1 |
| v. | |
| SUSAN KAYTLIN SCOTT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted April 16, 2021**
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and PREGERSON,***
District Judge.

Susan Kaytlin Scott timely appeals her conviction for one count of making a

false statement during a firearms transaction and one count of transferring a handgun

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

to a juvenile, her 17-year-old adopted son (and biological nephew) Anthony Ray. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court correctly denied Scott's motion to suppress the statements she made to police about purchasing the handgun for Ray. *Miranda* warnings are required "only where there has been such a restriction on a person's freedom as to render him in custody." *Stansbury v. California*, 511 U.S. 318, 322 (1994) (per curiam) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam)) (internal quotation marks omitted). An individual is "in custody" if a reasonable person would not feel free to leave under the totality of the circumstances. *Stanley v. Schriro*, 598 F.3d 612, 618 (9th Cir. 2010). The district court's custody determination is subject to de novo review, while its factual underpinnings— including the circumstances of the questioning—are reviewed for clear error. *United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009).

Scott was not in custody under the totality of the circumstances. Although she was questioned in a nonpublic area of the sheriff's office, the door was neither locked nor latched all the way. One officer questioned Scott in a conversational tone for approximately twenty minutes. After the officer left the room, Scott departed the sheriff's office because she "figured they were done questioning [her]." These circumstances sharply contrast with those in *United States v. Kim*, 292 F.3d 969, 977–78 (9th Cir. 2002), where the mother was separated from her family in a locked

2

location and where two officers subjected her to a "full-fledged interrogation," in part without an interpreter.

Nor were Scott's statements involuntary. We review de novo whether a defendant's statements were "coerced either by physical intimidation or psychological pressure" under the totality of the circumstances. *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003); *United States v. Fisher*, 137 F.3d 1158, 1165 (9th Cir. 1998). Scott argues involuntariness based only on the absence of a *Miranda* warning; her challenge fails.

2.     The district court correctly denied Scott's motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29. We review de novo the denial of a defendant's motion challenging the sufficiency of the evidence. *United States v. Mincoff*, 574 F.3d 1186, 1191–92 (9th Cir. 2009). "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008).

First, there was sufficient evidence to support a finding that Scott knowingly made a false statement when she indicated on the background check form that she was the actual buyer of the gun. The jury heard evidence that Ray was excited about getting the gun, that Scott used his debit card to purchase it, that Ray took immediate

3

possession of it, and that Scott admitted to two people that she bought the gun for Ray. A rational fact finder could infer from this evidence that Ray, not Scott, was the actual buyer of the gun and that Scott knowingly made a false statement when she indicated otherwise.

Second, there was sufficient evidence about the transfer of the handgun to Ray. One witness testified that Ray had the gun with him when Scott dropped him off after the shopping trip, and two others agreed that he had immediate or almost-immediate possession. Further, the jury heard evidence that Scott admitted to two people that she bought the gun for Ray because of his frequent requests and despite her discomfort doing so. It was rational for the jury to credit this evidence over Scott's version of events.

3.      The absence of Ray's testimony at trial did not violate Scott's Sixth Amendment right to present a defense. Where a defendant fails to raise a Sixth Amendment challenge before the district court, we review for plain error and correct only those errors that "affect[] substantial rights." Fed. R. Crim. P. 52(b); *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005). Nothing in the record indicates that Scott wished to call Ray as a witness or made any attempt to do so. Scott provides no support for her assertion that Ray was a material witness whose testimony would have aided her defense. There was no plain error.

4.     It was not plain error to allow the prosecutor's statements during closing arguments.  We review for plain error where a defendant fails to object to alleged prosecutorial misconduct at trial.  *United States v. Geston*, 299 F.3d 1130, 1134–35 (9th Cir. 2002).

The prosecutor's first statement—that Ray's girlfriend "told you [Ray] had [the gun] as soon as he returned from Shelby[1]"—was not improper.  As Scott points out, the girlfriend did not recall whether she was home when Ray returned from the shopping trip; however, she also testified that she saw him with the gun on a daily basis that month and the following one.  The prosecutor's statement therefore reflects a fair inference from her testimony.  Even assuming otherwise, any misstatement far from amounts to a plain error warranting our intervention.  *See United States v. Reyes*, 577 F.3d 1069, 1076–77 (9th Cir. 2009) (remanding for a new trial where the prosecutor "asserted as fact a proposition that he knew was contradicted by evidence not presented to the jury"); *see also United States v. Kessi*, 868 F.2d 1097, 1107 (9th Cir. 1989) ("We will seldom find plain error when evidence against the defendant is so strong that the absence of the prosecutor's misconduct would not have changed the verdict.").

---

[1] The prosecutor apparently misspoke and should have said "returned from Great Falls" or "returned to Shelby."

5

Nor was it improper for the prosecutor to tell the jury, "Susan Scott is on trial for lying. That's why we're here." As the next line of the rebuttal confirms, this statement was a comment on the nature of the false statement charge rather than on Scott's credibility as a witness. There was no plain error.

5.      Finally, it was not plain error to allow Ray's former attorney to testify to non-privileged conversations with Scott. We review for plain error where a defendant fails to object to witness testimony at trial. *United States v. Pino-Noriega*, 189 F.3d 1089, 1097 (9th Cir. 1999). Scott's challenge finds no support in the record. Contrary to her assertion that Ray's lawyer sought out her help, the lawyer testified that he resists parental involvement when representing minors, that he makes sure to explain thoroughly that only the minor is his client, and that he was "extremely stern" with Scott on this subject. Further, Ray was over eighteen for most of his relationship with the lawyer, and nothing in the record suggests he had diminished capacity. There was no plain error.

**AFFIRMED.**